## COOPER v. DEVALL.

### Opinion delivered December 17, 1906.

RAILROADS—DISCRIMINATIONS BETWEEN HACKMEN AT DEPOT—REMEDY.— Conceding that a railroad company can not legally give to one hackman the exclusive right to the use and occupancy of a portion of its depot grounds, the remedy for an unlawful discrimination in this respect is by action at law for damages, and not by injunction in equity, in the absence of any allegation of insolvency on the part of the railroad company or of other irreparable injury.

Appeal from Garland Chancery Court; *Alfonso Curl*, Chancellor; reversed and dismissed.

L. E. DeVall sued Cooper Bros., the Little Rock & Hot Springs Western Railroad Company, and George R. Belding, as mayor of Hot Springs, alleging that plaintiff and defendants Cooper Bros. were engaged in the livery and transfer business at Hot Springs and in hauling passengers to and from defendant's depot; that the railroad company entered into an agreement with the Coopers whereby they obtained the exclusive right to approach the depot at a certain point and to solicit business there; that Belding, as mayor, through his policemen, endeavored to secure to the Coopers the exclusive rights above mentioned. Plaintiff asked that defendants be restrained from enforcing this agreement.

A temporary restraining order was granted by the court. A demurrer to the complaint was overruled, whereupon the Coopers and the railroad company answered, alleging that the railroad company had made a contract with Simon Cooper, one of the brothers, "whereby he was to transfer the United States mail from the depot to the postoffice in the City of Hot Springs, and had given to Cooper access to *certain portions* of its platform, to get said mails, with which it permitted no one to interfere." They denied that the railroad company had given to Simon Cooper the exclusive right to use or have any certain part of its depot platform, or that Cooper had ever obtained the exclusive right to solicit business or secure passengers who might alight from its trains on said platform at Hot Springs. The answers admitted that the said Cooper had the exclusive right, however, to solicit passengers and baggage upon the railway trains. They denied that there was any written contract between the railway company and Cooper, or that they had combined together to injure or destroy the plaintiff's business. They alleged that what had been done was for the purpose of expediting the railroad company's business, and for the convenience and safety of the passengers and patrons of said railroad, and then asked to be dismissed with costs.

The court found the facts as follows:

"1. That the plaintiff is engaged in the livery and transfer business in the City of Hot Springs, and, among other things, by means of regular transfer vehicles transfers passengers to and from the passenger station and the defendant Little Rock

& Hot Springs Western Railroad Co., at Hot Springs, from and to different points in the city of Hot Springs. That the defendants Cooper Bros. are also engaged in the same business at the same place, and that there are also several other persons engaged in the same business at the same place.

"2. . That the passenger depot of the defendant railway company is situated between Valley Street and Elm Street in the city of Hot Springs; that a platform on which for passengers to alight from the trains of defendant company, and from which passengers enter the cars of said company, extends along the front or northeast of the depot building and the railroad track, and that from the southeast end of this platform there is extended along the track a raised gravel walk, protected by a curb, for a distance of 160 feet, which is also used by passengers in entering or leaving trains; that said platform and graveled walk are both covered and protected by one continuous shed designed for the protection of passengers in rainy weather; that on the southeast side of the depot, and between the above-named gravel walk and Elm Street, there is an open yard; and that vehicles bearing passengers to the station, or coming to the station to receive passengers from the trains of the defendant company, enter this yard, and deliver or receive at the curb under the above-named shed, and that the railway company is the owner of this shed for depot purposes.

"3. That the defendants Cooper Bros. have a contract or agreement with the defendant railway company by which the said Cooper Bros. handle and carry the United States mails to and from between said passenger depot and the postoffice in Hot Springs, and that under said agreement the defendants Cooper Bros. have the exclusive privilege of sending a solicitor for patronage for passengers and baggage on the cars of the defendant railway company; that said Cooper Bros. also had an agreement with the defendant railway company by the terms of which Cooper Bros. are to have the exclusive privilege of approaching the above-named graveled walk and shed with vehicles for the receipt of passengers alighting from the trains of the defendant railway company.

"4. That at the time, and before the institution of this action, the defendants Cooper Bros. and the defendant Little

Rock & Hot Springs Western Railroad Company, acting upon this latter agreement, denied to the plaintiff the rights to approach with his vehicles the curb and graveled walk under said shed, and alongside of said graveled walk, for the purpose of receiving or soliciting the patronage of passengers alighting from the trains of defendant company, and had excluded him and his teams and vehicles therefrom, and in so doing they had been aided by the police officers of the City of Hot Springs."

As matters of law the court found:

"1. That the contract between the defendants Cooper Bros. and the Little Rock & Hot Springs Western Railroad Company, by which the said Cooper Bros. have the exclusive right to travel in the trains of the defendant railway company to solicit patronage, is valid.

"2. That the defendant railway company has a right and may designate any place at or about its depot for and at which the said Cooper Bros. may receive and deliver United States mails, in furtherance of the contract for carrying to the same, provided that no more space than is necessary is appropriated for that purpose.

"3. That the agreement between the said defendant railroad company and Cooper Bros., by which the latter have the exclusive privilege of approaching the above-named graveled walk or shed with their vehicles, for the receipt and delivery of passengers alighting from or desiring to board the trains of the defendant company, is unlawful and void; and that actions of the defendants, Cooper Bros. and the Little Rock & Hot Springs Western Railroad Company, be and they are perpetually enjoined from excluding or depriving the plaintiff from the privilege of approaching with his vehicles the above-named graveled walk or shed, or at any other place on or about the passenger depot of said railroad company, at Hot Springs, which passengers alight from, or are received on the trains of said railway where the defendants Cooper Bros. are permitted to go with their vehicles for the receipt and discharge of passengers alighting from or embarking on said trains, and from in anywise discriminating between the plaintiff and the said Cooper Bros. in the matter of ingress to and egress from such points for the purpose or receiving and delivering passengers, and for

soliciting the patronage of such passengers, and that the plaintiff have and recover of and from the defendants Cooper Bros. and the Little Rock & Hot Springs Western Railroad Company, all his costs in and about this action accrued or expended."

Cooper Bros. and the railroad company have appealed.

*B. S. Johnson* and *Tom M. Mehaffy,* for appellant.

1. It appears both by the complaint and proof that the plaintiff had an adequate and complete remedy at law; and there is no allegation either of insolvency on the part of either defendant or of irreparable injury, so as to afford a ground for equitable relief. 44 Ark. 191; Fletcher's Pl. & Pr. § § 75, 87, 90.

2. A railroad company may permit one carrier of passengers and their luggage to come upon its premises and exclude all others engaged in the same business. 33 Am. & Eng. R. Cas. 488; 16 R. I. 649; 50 Am. & Eng. R. Cas. 1; *Id.* 9, note; 84 Mich. 194; 75 Hun, 355; 22 Am. St. 699; 68 L. R. A. 792.

*R. G. Davies,* for appellee.

A railroad company can not give one hack and 'bus company the right to use and occupy a portion of its depot grounds to the exculsion of all others. Kirby's Digest, § § 6725, 6804, 6808; 84 Mich. 194; 101 Mo. 247; 50 Am. & Eng. R. Cas. 5. See also Const. 1874, art. 17, § § 3, 6; 3 Wood on Railroads, 1176, § 287.

HILL, C. J. The Reporter will state the facts, and it will be seen therefrom that this suit is an effort by one hackman to prevent by injunction a rival hackman from alleged preferential stational facilities. The contention of appellee is that the law as thus stated controls the rights of this hackman, towit: "By the weight of authority in this country, a railroad company can not legally give to one hack and omnibus company the right to the use and occupancy of a portion of its depot grounds, to the exclusion of others engaged in the like business of the carriage of freight and passengers from its depot." 1 Fetter on Carriers of Passengers, § 245.

Concede that this is a sound principle and applicable to the facts, and it is at once apparent that an injunction will not lie. The gravamen of the complaint and the evidence under it is

that the railroad company has given Cooper a preference which he was not entitled to under the law as thus stated, and that it unlawfully discriminated in favor of Cooper and against him, DeVall, to his damage, for which judgment was prayed as well as injunctive relief to prevent further damage. If Devall had a case under the law and facts, it was a plain and simple suit at law for damages against a public carrier for denying him equal privilege with a rival hackman.

The common law and the statutes cover such actions completely, and there was no allegation of the insolvency of the railroad company preventing the adequacy of his legal remedy or any other showing of cause for equitable jurisdiction or relief.

If appellee's facts entitled him to anything, it was to a judgment for damages; and as this was not brought in a law court, and is not an appeal therefrom, it would be *obiter* to discuss whether he has a suit at law. Certainly he has no cause for an injunction.

Reversed and dismissed.